UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:07-cr-83 |
| vs. | ) | |
| | ) | JUDGE COLLIER |
| WILLIAM FLOYD PERKINS | ) | MAGISTRATE JUDGE LEE |
| | ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on December 5, 2007.

At the hearing, defendant moved to withdraw his not guilty plea to Count One and entered a plea

of guilty to Count One of the Superseding Indictment in exchange for the undertakings made by the

government in the written plea agreement. On the basis of the record made at the hearing, I find the

defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and

with full understanding of each of the rights waived by defendant; the plea is made voluntarily and

free from any force, threats, or promises, apart from the promises in the plea agreement; the

defendant understands the nature of the charge and penalties provided by law; and the plea has a

sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Count

One be granted, his plea of guilty to Count One of the Superseding Indictment be accepted, the

Court adjudicate defendant guilty of the charges set forth in Count One of the Superseding

Indictment, and a decision on whether to accept the plea agreement be deferred until sentencing.

I further **RECOMMEND** defendant remain in custody until sentencing in this matter. Acceptance

of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are

specifically reserved for the district judge.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).